| iWALTZER, Judge,

dissenting with reasons.

I respectfully dissent.
CONSTITUTIONAL CLAIM
In my view, the constitutional issue raised by plaintiffs will not be preserved unless the jury is given the opportunity to find that the damages to date in fact exceed the statutory maximum of $500,000.
CLAIM FOR FUTURE MEDICAL CARE AND RELATED BENEFITS
La.R.S. 40:1299.43(A)(1) provides:
In all malpractice claims filed with the board which proceed to trial, the jury shall be given a special interrogatory asking if the patient is in need of future medical care and related benefits and the amount thereof. (Emphasis added.)
Kelty v. Brumfield, 93-1142 (La. 2/25/94), 633 So.2d 1210, does not support the position taken by the trial court and the majority. The Supreme Court held that the Medical Malpractice Act and the Malpractice Liability for State Services Act, affecting public providers of health care, must be strictly construed because they grant immunities or advantages to special classes in derogation of the general rights available to tort victims. 633 So.2d at 1216.
The Kelty opinion’s language declaring that “the agency has exclusive jurisdiction of future medical and related care claims” (633 So.2d at 1218) does not support the majority’s conclusion affirming the trial court’s action herein. The Supreme Court holding on “exclusive jurisdiction” references La.R.S. 40:1299.43(0, which provides in pertinent part:
12Once a judgment is entered in favor of a patient who is found to be in need of future medical care and related beneñts ... the patient may make a claim to the patient’s compensation fund through the board for all future medical care and related benefits.
Kelty does not address La.R.S. 40:1299.43(A)(l)’s mandatory requirement of a jury trial of the issues of entitlement to future medical care and related benefits and of the amount of the care and benefits, nor does it jurisprudentially repeal the requirement of the special jury interrogatory. La. R.S. 40:1299.43(0) explicitly recognizes that the jurisdiction of the agency begins only after a judgment has been entered (presumably upon La.R.S. 40:1299.43(A)(l)’s special jury interrogatory) in favor of the patient. Thus, under Kelty, the statutory scheme contemplates exclusive jurisdiction in the agency once the threshold issue of entitlement and initial quantum has been determined by a jury. To read the statute otherwise, requires this Court to give no effect to the mandatory language of La.R.S. 40:1299.43(A)(1), in derogation of the most basic rule of statutory construction.
It is this first level access to trial by jury that is denied by the trial court and by the majority. In light of the Supreme Court’s recognition of the harshness of the statutory medical malpractice scheme, particularly with respect to the most severely injured patients, I believe it is inappropriate to read out of the statute the patient’s right to a jury trial of the issues of her eligibility for future medical care and related benefits and their value to the date of trial.